UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br>    **Plaintiff,**<br><br>VS.<br><br>GEORGE S. CONTRERAS,<br>INDIVIDUALLY and d/b/a<br>CONTRERAS LOUNGE<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.  SA-12-CA-1030-XR<br>)<br>)<br>)<br>) |

**AMENDED ORDER**

Before the Court is Plaintiff's Motion for Default Judgment (Docket Entry No. 7). After due consideration, the Court GRANTS the motion.

**Background**

Plaintiff Joe Hand Promotions, Inc. ("JHP") was granted, by contract, the exclusive right to broadcast UFC 107: Penn v. Sanchez (the "Broadcast"), scheduled for December 12, 2009.  JHP thereafter marketed the sub-licensing of the Broadcast for a fee and entered into subsequent agreements with various entities in Texas allowing them to publicly display the Broadcast. Defendant's establishment did not contract with JHP to exhibit the Broadcast.

On October 30, 2012, JHP filed a Complaint against Defendant George Contreras, d/b/a Contreras Lounge.  The Complaint alleges that on the night of December 12, 2009, Defendant knowingly and willfully violated certain provisions of the Communications Act of 1934, 47 U.S.C. § 605, and the Cable Televison Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, by unlawfully receiving and exhibiting the Broadcast.  JHP seeks damages in the amount of

$110,000 for the willful violation of 47 U.S.C. § 605, and $60,000 for the willful violation of 47 U.S.C. § 553. JHP also requested a permanent injunction, and full costs and expenses of this action, including reasonable attorney's fees. Defendant was served with a copy of the summons and complaint on November 9, 2012. (Docket Entry No. 4). After Defendant failed to respond, JHP moved the Clerk to enter default on January 4, 2013 (Docket Entry No. 5), and default was entered on January 7, 2013. (Docket Entry No. 6). JHP then moved this Court to enter default judgment.[1] (Docket Entry No. 7). JHP has limited the recovery sought in its motion for default judgment to violations of 47 U.S.C. § 605. (Docket Entry No. 7).

## Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant's failure to respond constitutes an admission of the plaintiff's well-pleaded allegations of fact that relate to liability, but not damages. *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). A hearing to determine the amount of damages is unnecessary when that amount can be determined "with certainty by reference to the pleadings and supporting documents." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

---

[1] When a party moves for default judgment against a party who has failed to respond or defend, the district court has an affirmative duty to determine its jurisdiction over both the subject matter and the parties. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). The Court has reviewed the return of service and the pleadings and concludes that it has personal jurisdiction over Defendant and subject matter jurisdiction over the claim.

There are three relevant damages provisions in 47 U.S.C. § 605: 605(e)(3)(C)(i)(II), 605(e)(3)(C)(ii), and 605(e)(3)(B)(iii). Section 605(e)(3)(C)(i)(II) allows for the recovery of statutory damages "of not less than $1,000 or more than $10,000" for violations of the Communications Act. 47 U.S.C. § 605(e)(3)(C)(i)(II). Section 605(e)(3)(C)(ii) gives the court the discretion to award additional damages "by an amount of not more than $100,000 for each violation" if the court finds "that the violation was committed willfully and for the purpose of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). The final provision, 605(e)(3)(B)(iii), provides that courts "shall direct the recovery of full costs, including reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).

## Analysis

Because default was entered against Defendant, the Court accepts all factual allegations relating to liability as true. *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002). Thus, the Court finds that: JHP was granted the right to distribute the Broadcast. (Docket Entry No. 1, ¶14); JHP entered into subsequent agreements with various entities in Texas to allow them to publicly exhibit the Broadcast (*Id.* at ¶ 15); Defendant exhibited the Broadcast without authorization from JHP (*Id.* at ¶¶ 17, 25); and Defendant did so willfully and for purposes of direct or indirect commercial advantage or private financial gain. (*Id.* at ¶¶ 17, 20, 25, 27). Based upon these admitted allegations,[2] this Court concludes that the Motion for Default Judgment should be granted. The only remaining issue is the amount of damages to award JHP.

JHP seeks statutory damages from Defendant under section 605(e)(3)(C)(i)(II), which

---

[2] The liability allegations are also supported by the affidavit of Jacinto Martinez, an investigator for JHP. Martinez states that on the night of the Broadcast, he paid a $3 cover charge to enter Defendant's establishment and observed the Broadcast being shown on a television at the center of the bar. (Docket Entry No. 7, Exhibit B(2)).

provides that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." The affidavit of JHP's investigator states that there were approximately 15 people at Defendant's establishment on the night of the Broadcast. (Docket Entry No. 7, Exhibit B(2)). JHP has submitted its "Rate Card" for the Broadcast. (Docket Entry No. 7, Exhibit B(3)). For an establishment with a capacity of up to 50 people, Defendant would have been required to pay $900 to legally display the Broadcast. (Docket Entry No. 7, Exhibit B(3)). To determine the amount of statutory damages, "[t]he Court finds it reasonable to treble what would have been the cost had Defendant followed the law." *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008). Therefore, statutory damages amount to $2,700.[3]

JHP also seeks damages pursuant to section 605(e)(3)(c)(ii), which allows for enhanced damages when the statute is violated "willfully and for purposes of direct and indirect commercial advantage or private gain." 47 U.S.C. § 605(e)(3)(C)(ii). Defendant's default admits that the violation was committed willfully and for purposes of commercial or financial gain. Therefore, the Court finds that JHP is entitled to $5,000 in enhanced damages for this willful violation.[4]

Pursuant to section 605(e)(3)(B)(iii), JHP requests attorney's fees in the amount of one-third

---

[3] An award of damages for three times the amount of the lawful sub-license fee accounts for "money saved by not complying with the law, as well as any profits made from food and drink sales associated with customers who stayed and watched the fight." *Joe Hand Promotions,* 546 F. Supp. 2d at 386.

[4] The Court is mindful that the purpose of the enhanced damages is to deter and punish piracy. *See Joe Hand Promotions,* 546 F. Supp. 2d at 386 ("[T]he Court finds it appropriate to send a strong signal that [illegal piracy] will not be profitable."). However, the enhanced damages "should not be done in a manner [that] imposes an insurmountable financial burden." *Id.*

of the actual damages. In the alternative, JHP requests attorney's fees based on the lodestar method.[5] JHP has submitted the affidavit of Jamie King to establish the reasonable and necessary attorney's fees.[6] (Docket Entry No. 7, Exhibit C). Based upon the lodestar method,[7] the Court awards reasonable attorney's fees in the amount of $1,750. The Court declines to award attorney's fees and cost for possible future appeals.

## Conclusion

Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment (Docket Entry No. 7) is GRANTED. Plaintiff is awarded $7,700 in damages and $1,750 in attorney's fees. A separate judgment in favor of Plaintiff shall issue in accordance with Rule 58. Plaintiff is awarded costs and shall file a bill of costs in the form required by the Clerk of the Court, with supporting documentation, within fourteen days of the entry of the Judgment. *See* Local Rule 54.

SIGNED this 25th day of March, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] The lodestar method "is applied by multiplying the number of hours reasonably expended by an appropriate rate in the community for the work at issue." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

[6] The affidavit states that counsel has spent a minimum of 7 hours in connection with this case. (Docket Entry No. 7, Exhibit C). It further provides that a reasonable rate for this type of work is $250 per hour. *Id.*

[7] *See J & J Sports Prod., Inc. v. Cardenas*, No. SA-11-CV-1043-XR, 2012 WL 4434749 (W.D. Tex. Sept. 24, 2012) (awarding attorney's fees based upon the lodestar method, as opposed to a one-third contingent fee).